# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**
    **Plaintiff,**

    **v.**                                    **Criminal Action No. 1:06CR110**

**CHRISTY HUDSON,**
    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Christy Hudson, in person and by counsel, Conrad Gall, appeared before me on March 19, 2007. The Government appeared by Shawn Angus Morgan, its Assistant United States Attorney.

The Court first had Defendant placed under oath. Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Five of the Indictment. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

Thereupon, the Court proceeded with the Rule 11 proceeding by first inquiring of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant thereafter stated in open court that she voluntarily waived her right to have an

Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Christy Hudson, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then inquired of Defendant regarding her understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned then reviewed with Defendant Count Five of the Indictment, the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Five of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of

Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her and understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) year not more than forty (40) years; understood the maximum fine that could be imposed was $2,000,000; understood that both fine and imprisonment could be imposed; understood she would be subject to a period of at least six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. She also understood she might be required by the Court to pay the costs of her incarceration, community confinement and supervised release.

Defendant also understood that her actual sentence could not be calculated or predicted. Defendant stated that she also understood that the District Judge would not announce a sentence until after a pre-sentence report was prepared and a sentencing hearing conducted.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated February 1, 2007, and signed by her on February 20, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Five of the Indictment, the undersigned Magistrate Judge would write the subject Report and

Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about September 12, 2006, at or near Clarksburg, Harrison County, West Virginia, the defendant, aided and abetted by other persons known and unknown to the Grand Jury, unlawfully, knowingly and intentionally distributed approximately 2.17 grams of cocaine base, also known as "crack" within 1000 feet of the real property comprising Notre Dame High School. The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 60 kilograms but less than 80 kilograms of marijuana equivalent, all of which was distributed within 1000 feet of a protected location.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her plea of Guilty to Count Five of the Indictment.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained

in Count Five of the Indictment, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel acknowledged their understanding and Defendant maintained her desire to have her plea of guilty accepted.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her appellate rights as contained in the written plea agreement, and determined she understood those rights and voluntarily gave them up pursuant to the stated condition as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Five of the Indictment, including the elements the United States would have to prove at trial, charging her with aiding and abetting other persons in unlawfully, knowingly and intentionally distributing approximately 2.17 grams of cocaine base, also known as "crack," within 1000 feet of the real property comprising Notre Dame High School; in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860 and Title 18, United States code, Section 2.

The undersigned then heard the testimony of Deputy Sheriff Darren Stout. Deputy Stout testified he is employed by the Lewis County Sheriff's Office, assigned to the Harrison/Lewis County Drug and Violent Crimes Task Force. He was involved in the investigation of Defendant and co-defendant Gregory Fontez for drug distribution. Controlled buys were made from Defendant and Fontez during the investigation. On September 12, 2006, a controlled buy took place at the

parking lot of the AutoZone on Main Street in Clarksburg, West Virginia, within 1000 feet of Notre Dame High School. The location of the buy was determined by Fontez. At about 9:00 p.m. Defendant and Fontez arrived at the AutoZone parking lot in Defendant's vehicle. She was driving Fontez to meet a confidential informant ("CI"). Surveillance units watched Defendant drive Fontez to the North Pole Ice parking lot on Monticello Avenue, where Fontez exited and then later re-entered the vehicle. They both drove back to the AutoZone parking lot where Fontez distributed 2.17 grams of cocaine base to the CI in exchange for $270.00. The controlled buy was digitally recorded. The West Virginia State Police laboratory confirmed the drugs to be 2.17 grams of cocaine base.

The Defendant stated she heard, understood, and agreed with the facts as testified to by Deputy Stout. Thereupon, Defendant, Christy Hudson, with the consent of her counsel, Conrad Gall, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Five of the Indictment.

The undersigned United States Magistrate Judge concludes the offense charged in Count Five of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. This conclusion is supported by Deputy Stout's testimony as well as the parties' stipulation.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Five of the

Indictment; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Stout as well as the parties' stipulation.

The undersigned concludes that Defendant's guilty plea is knowledgeable and voluntary as to the charge contained in Count Five of the Indictment. The undersigned also concludes that an independent basis in fact supports the plea and therefore recommends Defendant's plea of guilty to the felony charge contained Count Five of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in Count Five of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is continued on release pursuant to the Order Setting Conditions of Release previously entered in this matter.

**Upon conclusion of the Rule 11 hearing, counsel for Defendant requested Defendant's sentencing be delayed until after July 19, 2007, because Defendant is pregnant and her expected due date is July 19, 2007. The United States stated it had no objection to sentencing being delayed as long as Defendant continued to abide by her conditions of release. The undersigned advised that he could not anticipate the sentencing date as that date was at the sole discretion of the sentencing District Judge. The undersigned did, however, state that he would inform the District Judge of the request without recommendation. The undersigned further admonished Defendant of the risks she would incur of losing any benefit she may receive under the non-binding recommendations in her plea agreement should she violate any of the conditions of her continued release. Defendant's request is therefore DEFERRED.**

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 20th day of March, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE